UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

BRAD A. NEUBERT,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        No.:   3:22-CV-447-TAV-DCP
                                    )
ROGER D. WILSON                     )
DETENTION FACILITY,                 )
                                    )
            Defendant.              )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee[1] housed at the Roger D. Wilson Detention Facility, has

filed a pro se civil rights action under 42 U.S.C. 1983 [Doc. 1], along with a motion for

leave to proceed *in forma pauperis* in this cause [Doc. 4]. The Court will address Plaintiff's

motion prior to screening his complaint in accordance with the Prison Litigation Reform

Act ("PLRA") to determine whether it states a justiciable claim. 28 U.S.C. § 1915A.

I.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion and supporting documents [Doc. 4] that he lacks

sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C.

§ 1915, this motion will be **GRANTED**.

---

[1] Plaintiff does not disclose his custodial status in his complaint, but the
Court notes he is not listed as an inmate in the publicly available database of the Tennessee
Department of Correction. Tenn. Dep't of Corr., "Felony Offender Information,"
https://foil.app.tn.gov/foil/search.jsp (last accessed Dec. 15, 2022). Accordingly, the Court
assumes for present purposes that he was a pretrial detainee at the time of the incidents alleged in
his complaint.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING OF COMPLAINT

### A.    Plaintiff's Allegations

On November 12, 2022, while housed in lockdown at the Roger D. Wilson Detention Facility, Plaintiff was exposed to human waste when one of his cellmates flushed the toilet and waste water "shot[] up from the toilet" onto everyone in the cell [Doc. 1 p. 3-4]. Officers were alerted, and Plaintiff and his cellmates were allowed to "clean up" and were given new clothes and sheets [*Id*. at 4]. The occupants of the cell also asked for a shower, but because it was by then time for a shift change, an officer "stated

2

that he would make sure 2nd shift gave [the inmates] showers" [*Id*.]. Plaintiff and his cellmates never got a shower that day, however, and it was approximately eight a.m. the following morning before Plaintiff was permitted to shower [*Id*.].

Plaintiff also complains that on December 21, 2021, he was arrested and placed in jail for 27 days before he received his 72-hour hearing [*Id*.]. Plaintiff maintains he only recently learned that he "could sue them" because of this circumstance [*Id*.].

Aggrieved by these alleged constitutional violations, Plaintiff asks the Court to "find justice" and "get [him] paid for the pain and los[s] of time" [*Id*. at 5].

### B. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## C.   Analysis

### 1.   Conditions of Confinement

Plaintiff first claims that he was exposed to human waste and denied a shower until the following morning, which implicates the Eighth Amendment's prohibition against "cruel and unusual punishments[.]" U.S. Const. Amend. VIII. This includes a right to be free from conditions of confinement that constitute "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

4

However, "the Eighth Amendment does not apply to pretrial detainees[.]" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (citing *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004)). Instead, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Griffin v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020). Despite the distinct constitutional provisions protecting the differing custodial designations, the protection offered by the Due Process Clause is "similar if not greater" than those afforded by the Eighth Amendment. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998)); *see also Griffin*, 975 F.3d at 566. To state a claim under either the Fourteenth or Eighth Amendment in this context, the Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer*, 449 F.3d at 728.

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Rather, as noted above, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson*, 503 U.S. at 8-9 (citations and quotations omitted).

5

Second, because Plaintiff is presumed to have been a pretrial detainee at the time of the incidents alleged, he could not be punished by deliberate indifference to the conditions of his confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Plaintiff may satisfy the deliberate indifference component by establishing that Defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35 (2d Cir. 2017).

The Sixth Circuit has noted that "[c]onditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citation omitted). While the Court is not aware of the time span between Plaintiff's exposure to human waste and his permission to shower, his allegations confirm that it did not exceed twenty-four hours, and Plaintiff concedes he was allowed to "clean up" and was provided fresh clothes and bed linens immediately following his exposure to human waste. Accordingly, while "exposure to human waste is a condition that courts will more quickly find sufficiently serious," *see id.* at 209, the inconvenience and distress caused Plaintiff by the delay in showering under these circumstances did not deprive him of "the minimal civilized measure of life's necessities." *Hudson*, 503 U.S. at 9; *see also Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (holding that a filthy and offensive cell with excrement

and vomit was not unconstitutional because conditions lasted for only 24 hours); *Park v. Holdren*, No. 1:17-cv-439, 2018 WL 1901798, at *3 (S.D. Ohio Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 3648234 (S.D. Ohio Aug. 1, 2018) (collecting cases) ("[T]he Sixth Circuit and other courts have held that a temporary exposure to human waste does not meet the objective component of the Eighth Amendment").  Accordingly, this allegation fails to state a claim upon which § 1983 relief may be granted, and it will be dismissed.

### 2. "72-Hour Hearing"

Plaintiff does not explain the legal basis underpinning his complaint that he did not receive his "72[-] hour hearing," and the Court is uncertain of the origin of the right Plaintiff complains was violated.  Nonetheless, liberally construing Plaintiff's complaint, the Court presumes that Plaintiff is asserting a claim that he was improperly held without a "fair and reliable determination of probable cause" promptly following his arrest. *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975).  A judicial determination of probable cause within forty-eight hours of a warrantless arrest will generally comply with the "promptness" requirement. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). After forty-eight hours, the burden shifts to the Government to "demonstrate the existence of a bona fide emergency or other extraordinary circumstance" that delayed the probable cause determination. *Id*. at 57.  If, however, an individual is arrested pursuant to a valid warrant, he "is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial." *Baker v. McCollan*, 443 U.S. 137, 143 (1979).

In his complaint, Plaintiff does not expound on the circumstances of his December 2021 arrest. Specifically, he does not inform the Court whether he was arrested and detained pursuant to a warrant or was subjected to a warrantless arrest. Without such facts, it is entirely speculative that Plaintiff was entitled to a probable cause determination. Therefore, this claim will be dismissed for failure to state a claim upon which § 1983 relief may be granted. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### 3. Entity Liability

Finally, even if the Court were to find that Plaintiff's allegations stated a plausible claim under § 1983, the only named Defendant in this action is the Roger D. Wilson Detention Facility. However, a detention facility is merely a building — not a "person" for purposes of § 1983. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, Plaintiff cannot otherwise maintain this action against the Roger D. Wilson Detention Facility.

## III. CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

8

3.      The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4.      The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.      Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6.      The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9